# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICAH TRENT,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Defendant. | Case No. 21-cv-0278-BAS-MDD<br><br>**ORDER GRANTING JOINT MOTION TO DISMISS WITH PREJUDICE (ECF No. 27)** |

　　　Before the Court is the parties' joint motion to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure ("Rule") 41(a)(2). (Mot., ECF No. 27.) Plaintiff Micah Trent brought this action against the United States on February 16, 2021, alleging that she suffered injuries from a motor vehicle accident allegedly caused by the negligence of a United States Post Office ("USPS") employee who, at the time of the crash, was operating a vehicle owned by the USPS. (Compl. ¶ 2, ECF No. 1.) Defendant answered the Complaint on June 10, 2021. (ECF No. 9.)

　　　The parties settled on October 1, 2021, thereby resolving the dispute underlying the Complaint. (Mot. ¶ 2; Settlement Agreement, Ex. 1 to *id.*, ECF No. 11-1.) Consequently, the parties jointly moved to dismiss the case with prejudice on November 29, 2021. (ECF No. 27.)

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Ninth Circuit has long held that the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the [d]istrict [c]ourt[.]" *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing, *inter alia*, *Sams v. Beech Aircraft Corp.*, 625 F.2d 273, 277 (9th Cir. 1980); *Blue Mountain Constr. Corp. v. Werner*, 270 F.2d 305, 306 (9th Cir. 1959), *cert. denied*, 361 U.S. 931 (1960)). "A district court should grant a motion for dismissal under Rule 41(a)(2) unless a defendant can show it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (2001) (footnote omitted). "Legal prejudice" is "prejudice to some legal interest, some legal claim, [or] some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). A defendant is not said to suffer "legal prejudice" from: (1) "[u]ncertainty because a dispute remains unresolved" or the "threat of future litigation"; (2) the inconvenience of having to defend itself in a different forum; or (3) a plaintiff gaining a tactical advantage through dismissal. *Smith*, 263 F.3d at 976 (citing *Hamilton*, 679 F.2d at 145).

Because Defendant does not identify, nor does the Court find apparent, any legal prejudice that might result from dismissal of this action with prejudice, the Court **GRANTS** the Motion to dismiss the action with prejudice. (ECF No. 27.) The clerk of court shall close this case.

**IT IS SO ORDERED.**

**DATED: December 3, 2021**

Hon. Cynthia Bashant
United States District Judge